IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GARY L. BIRGE                                                                                               PLAINTIFF

V.                                    CASE NO.: 4:13CV00008 BD

CAROLYN W. COLVIN,[1] Commissioner,
Social Security Administration                                                                    DEFENDANT

ORDER REMANDING TO THE COMMISSIONER

Gary Birge sought judicial review of the denial of his application for supplemental security income. Mr. Birge based his application on degenerative disk disease, scoliosis, strokes, anxiety, headaches, and high blood pressure. SSA record at p. 36.

Mr. Birge had attended school through the ninth grade. *Id*. at p. 633. At the time of the hearing, he was fifty years old. *Id*. at p. 633. He was last self-employed as an auto mechanic but had to quit that job when he couldn't concentrate and remember how to do things. *Id*. at p. 640.

**The Commissioner's Decision**

Mr. Birge's first application was denied initially and upon reconsideration. After denial of the application, Mr. Birge filed an untimely request for a hearing, which was also denied. The Appeals Council, however, later remanded his application after Mr.

---

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. She is therefore substituted for Michael J. Astrue pursuant to Fed.R.Civ.P. 25(d).

Birge made a showing of good cause for the late filing.  In the interim, Mr. Birge filed a second application for supplemental security income.  *Id*. at 14.  The two applications were consolidated for hearing.  *Id*.

After holding a hearing and considering Mr. Birge's application, the Commissioner's ALJ determined that Mr. Birge had severe impairments – residuals of stroke, disorder of the back, hypertension, and mood disorder – but that he had the residual functional capacity ("RFC") to perform light work, except that he could only occasionally climb, balance, crawl, kneel, stoop, and crouch.  *Id*. at pp. 18-22.  He also had to avoid hazards, including unprotected heights and moving machinery.  *Id*.  The ALJ additionally limited him to work where interpersonal contact would be incidental to the work performed; the complexity of tasks would be learned and performed by rote, with few variables and little judgment; and the supervision required would be simple, direct, and concrete.  *Id*.  The ALJ, relying on the testimony of a vocational expert, concluded that Mr. Birge was not disabled under the Social Security Act and denied the application.  *Id*. at pp. 22-23.

After the Commissioner's Appeals Council denied Mr. Birge's request for review, the ALJ's decision became a final decision for judicial review.  *Id*. at pp. 6-9.  Mr. Birge filed this case to challenge the ALJ's decision.  (Docket entry #1)  In reviewing the

decision, the court must determine whether substantial evidence supported the decision and whether the ALJ made a legal error.[2]

**Development of the Record**

Mr. Birge complains here that the ALJ erred by not including in the record two treating physicians' reports that were referenced in his pre-hearing brief: (1) a mental RFC assessment by Allan Kirkland, M.D., dated November 12, 2008; and (2) a physical MSS Form-A, also by Dr. Kirkland, dated November 12, 2008. *Id*. at 228-39. Because the two applications were consolidated, there was a consolidation of the records. Mr. Birge's attorney and the ALJ had the following discussion at the hearing:

ALJ: Okay. We'll call her in at the appropriate time. And do you want to make an opening statement or just rely on your memorandum?

ATTY: No, sir. Are the exhibits that you listed, are they going to be the paper file or the - -

ALJ: What I listed is the paper file, yes.

ATTY: We're putting it all there?

---

[2]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (stating that the court's "review of the Commissioner's denial of benefits is limited to whether the decision is 'supported by substantial evidence in the record as a whole'"); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

>ALJ: And it's all - - I think it's all there as far as I can tell, but we'll - - we'll be making sure of that.  Okay?

>ATTY: Okay.  Thank you, sir.

>ALJ: Mm-hmm.

>ATTY: We'd rely on our pre-hearing memorandum.

*Id*. at p. 636

Mysteriously, neither of Dr. Kirkland's November 12, 2008 opinions that were referenced in Mr. Birge's pre-hearing memorandum appear in the SSA record.  Nor were the opinions referenced in the ALJ's opinion.  While Mr. Birge's attorney may have missed an opportunity to correct the record at the Appeals Council stage of the proceedings, it is ultimately the ALJ's burden to fully develop the record independent of Mr. Birge's burden to press his case.  *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010)(citation omitted).  Here, the ALJ was made aware of Dr. Kirkland's opinions and Mr. Birge's reliance on them to establish disability because of the pre-trial brief.  Under the circumstances, the ALJ erred by not including Dr. Kirkland's opinions in the record.

### Conclusion and Remand

The ALJ erred by failing to include Dr. Kirkland's opinions in the record.  For this reason, the court reverses the Commissioner's decision and remands this case for a reconsideration of Mr. Birge's application based on all of the available evidence.

It is so ordered this 6th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE